UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESTINY COUNTRYMAN,

                Plaintiff,

v.

EQUIFAX, INC., *et al.*,

                Defendants.

_____/

Case No. 25-11765

David M. Lawson
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**REPORT AND RECOMMENATION ON DEFENDANTS' MOTION
TO DISMISS PLAINTIFF'S COMPLAINT (ECF No. 21)**

Pending before the Court is Defendants Trans Union, LLC, and Experian

Information Solutions, Inc.'s *Motion to Dismiss Plaintiff's Complaint* (ECF No.

21).  Plaintiff Destiny Countryman filed this *pro se* Fair Credit Reporting Act

("FCRA"), 15 U.S.C. § 1681i, action on June 12, 2025.  In this action, Plaintiff

sues Trans Union, LLC, incorrectly named as TransUnion, LLC ("Trans Union"),

Experian Information Solutions, Inc. ("Experian"), and Equifax, Inc. ("Equifax")

for alleged violations of federal law related to inaccurate credit reporting.  (ECF

No. 1).  On June 26, 2025, the District Judge granted Plaintiff's application to

proceed *in forma pauperis* ("IFP") and referred all pretrial matters to the

undersigned.  (ECF Nos. 8–9).  On August 19, 2025, Defendant Trans Union,

LLC, moved to dismiss the complaint.  (ECF No. 21).  The next day, Defendant

Experian moved to join in Trans Union's motion, and the request was granted. (ECF Nos. 24–25).  The Court notes that, to date, Defendant Equifax has not been served in this action.  (*See* ECF Nos. 26, 32).  The motion is fully briefed and ripe for report and recommendation.  (ECF Nos. 21, 28–30).

## I.   FACTUAL BACKGROUND

Plaintiff brings this action related to failed attempts to dispute multiple inaccurate tradelines beginning as early as December 2024.  (ECF No. 1, PageID.7, ¶ 7).  Plaintiff requested the method(s) used by each bureau to verify that the disputed accounts were accurately reported.  (*Id.* at ¶ 8).  Plaintiff alleges that Defendants failed to provide the procedures or documentation used to verify the accounts were accurate, but rather simply provided single-word responses of "verified" or "updated."  (*Id.* at ¶ 9).  Plaintiff disputed the following accounts with all three Defendants: Credit One Bank, Michigan State University Federal Credit Union ("MSUFCU"), and Navy Credit Union.  (*Id.* at ¶ 10).  She also disputed an inaccurate account for BMW Financial with Defendants Equifax and Trans Union. (*Id.*).  Plaintiff noted that Defendant Experian reported Credit One Bank as "no status," and that Defendant Trans Union removed MSUFCU from her credit report. (*Id.*).

Plaintiff avers that despite multiple written and online attempts to dispute these inaccurate accounts on her credit report, Defendants continued to report

inaccurate information and failed to conduct a reasonable investigation into the accounts, resulting in harm to Plaintiff's credit score and ability to obtain financing as well as emotional and reputational damage.  (*Id.* at ¶ 11, 13).  Plaintiff separately pursued litigation in state court against MSUFCU regarding the disputed debt.  (*Id.* at ¶ 12).  Plaintiff seeks "statutory damages, actual damages, costs, and attorney's fees as permitted by law."  (*Id.* at ¶ 21).

## II.    LEGAL STANDARD

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *16630 Southfield Ltd. P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

3

The Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). "[C]ourts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him. Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dep't*, 595 F. Supp. 2d 757, 766 (E.D. Mich. 2009) (Ludington, J., adopting report and recommendation of Binder, M.J.); *see also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.) ("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading requirements, including Rule 12(b)(6).").

## III.   ANALYSIS

On August 19, 2025, Defendants Trans Union and Experian filed the instant motion to dismiss. (ECF No. 21). They contend that each of the claims raised in Plaintiff's complaint should be dismissed for failure to state plausible factual allegations for relief because she raised nothing "beyond vague, conclusory statements," and "does not identify with specificity what, if anything, Trans Union

4

has done wrong." (ECF No. 21-1, PageID.68).  Defendants argue that Plaintiff's complaint should be dismissed because she "does not describe any information regarding the reporting of the Accounts, much less how they were inaccurate," and "to the extent Plaintiff sought to assert a claim against [Defendants] for an unreasonable reinvestigation, the Complaint fails because it does not allege sufficient factual support to plausibl[y] allege how or why the Accounts were inaccurate, a prima facie element of her claim." (ECF No. 21-1, PageID.68–69).

On September 9, 2025, Plaintiff filed her response to Defendant's motion to dismiss in which she provides additional facts and clarifies allegations not contained in her Complaint.  Plaintiff set forth her general understanding of each statutory cause of action with a statement in support of her claim pursuant to each statute.  (ECF Nos. 28–29).  Plaintiff also provides her timeline of disputes, albeit only as to Defendant Equifax in her first response brief and only as to Trans Union and Equifax in an exhibit to her second response brief.  (ECF No. 28, PageID.94; ECF No. 29, PageID.104).

Defendant Trans Union replied that Plaintiff failed to address their individualized argument, thus, the Court should find that she waived any argument in opposition.  (ECF No. 30, PageID.106–07).  Trans Union also argues that Plaintiff's response and attached exhibit "contain facts and allegations not in

Plaintiff's complaint," and appears to be attempting to amend her complaint through her response brief.  (*Id.* at PageID.107–09).

Generally, courts are limited to the facts and legal claims as raised in the pleadings; as a result, new facts asserted in a plaintiff's response to a motion to dismiss are not part of the lawsuit and the court should not consider them.  *See Johnson v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 502 F. App'x 523, 541–42 (6th Cir. 2012) (citing Moore's Federal Practice § 12.34 ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a).")); *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 521 (6th Cir. 2008) ("Ordinarily, when the omission of a critical allegation in a complaint is highlighted by a defendant's motion to dismiss, the appropriate method for adding new factual allegations is to request leave to amend the complaint in conjunction with responding to the motion to dismiss.").  On the other hand, some courts in this Circuit elect to consider the additional information as a supplement to the complaint when the plaintiff is proceeding *pro se.  See Coleman v. Gullet*, Civ. Act. No. 12-10099, 2012 WL 5986779, at *11 (E.D. Mich. Sept. 4, 2012), *report and recommendation adopted*, 2012 WL 5986679 (E.D. Mich. Nov. 29, 2012) (construing pro se plaintiff's allegations in response brief as a supplement to the complaint); *Dimov v. EMC Mortg. Corp.*, No. 1:09-CV-211, 2010 WL 2506717, at

*1 nn.1–2 (E.D. Tenn. June 17, 2010) ("'"In his response to [Defendant's] motion to dismiss, Plaintiff supplemented factual allegations in the complaint with some additional details. . . .  As discussed below, given the liberal pleading standard in cases filed pro se, the Court will consider these additional factual allegations and construe them, along with the amended complaint, in the light most favorable to Plaintiff.").

It is clear that Plaintiff is attempting to cure the deficiencies in her complaint in her response to Defendants' motion to dismiss, a fact that even Defendant Trans Union recognizes.  (*See* ECF No. 30, PageID.107–09).  In this Court, new claims raised in a response brief may be treated as an implicit motion for leave to amend the complaint.  *See Cruz v. Capital One, N.A.*, 192 F. Supp. 3d 832, 839 (E.D. Mich. 2016) (quoting *JAT, Inc. v. Nat'l City Bank of Midwest*, 460 F. Supp. 2d 812, 818 (E.D. Mich. 2006)) ("The Sixth Circuit, in the context of summary judgment, has 'treated legal theories first raised in the plaintiff's response . . . as an implicit motion to amend the complaint when all of the relevant facts had been previously pled.'") (internal quotation omitted).  Both the *Cruz* and *JAT* Courts transposed this "implicit motion to amend" language to motions to dismiss.  *See Cruz*, 192 F. Supp. 3d at 839; *JAT, Inc.*, 460 F. Supp. 2d at 818; *see also Randolph v. Cong. Collection LLC*, No. 20-12146, 2021 WL 364256, at *1 (E.D. Mich. Feb. 3, 2021).  Mindful that the "court should freely give leave [to amend] when justice

so requires," Fed. R. Civ. P. 15(a)(2), the undersigned finds that Plaintiff should be granted leave to amend to properly plead the supporting facts and clarify the allegations lodged against each Defendant and so Defendants may adequately respond to the merits of that claim.

Considering that Plaintiff is proceeding pro se, she has not previously requested to amend her complaint, she is not attempting to plead a new cause of action against Defendants, and as she is merely providing more support to her initial pleading, the undersigned is inclined to construe Plaintiff's response as an implicit motion to amend. *JAT, Inc.*, 460 F. Supp. 2d at 818.  Accordingly, the undersigned recommends that Plaintiff be provided an opportunity to amend her complaint in compliance with the Federal Rules of Civil Procedure, as well as address any deficiencies presented in Defendants' motion and reply brief (ECF Nos. 21 and 30).  And without expressing any view on whether the new facts and allegations provided by Plaintiff cure the purported deficiencies claimed in Defendants' motion to dismiss, the motion to dismiss is due to be denied without prejudice as moot.

Plaintiff is cautioned that her amended complaint is required to comply with Federal Rules of Civil Procedure.  In accordance with Rule 8(a), plaintiff's first amended complaint must clearly set forth, among other things, (1) the identification of each defendant; (2) a statement of jurisdiction, such as 28 U.S.C.

§§ 1331 ("Federal question") or 28 U.S.C. § 1332 ("Diversity of citizenship; amount in controversy; costs"); (3) a statement of facts applicable to each claim and defendant; (4) delineated causes of action, including names of the defendant(s) against whom the counts are brought and the legal bases (statutory or otherwise) for the causes of action; (5) and a claim for relief.[1]

The Plaintiff shall conform her claims to the pleading requirements setting forth each claim individually, the facts necessary to support the claims against each defendant, and the relief/damages sought against each defendant.  The Plaintiff is *cautioned* that this is her chance to properly articulate her claims, and her failure to remedy the defects may result in dismissal of the case with prejudice against one or more Defendants.

## IV.   RECOMMENDATION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that Plaintiff's response briefs (ECF Nos. 28–29) be inferred as a motion to amend and the motion to amend be **GRANTED**.  Plaintiff should receive enough time as the District Judge deems necessary to submit an amended pleading.  It is further

---

[1] Plaintiff is encouraged to review the Court's January 12, 2026, Order with regards to Defendant Equifax and should use this opportunity to provide sufficient information in her amended complaint to effect service of process on Equifax pursuant to that Order. (ECF No. 32).  Plaintiff is, again, cautioned that the onus remains on her to submit sufficient information to effectuate service of process, and that failure to do so will result in a report and recommendation that Equifax be dismissed. (*Id.*)

9

**RECOMMENDED** that Defendant's *Motion to Dismiss Plaintiff's Complaint* (ECF No. 21) be **DENIED, without prejudice, as moot**.

The parties here may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Tchrs Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection

10

No. 2," etc. If the Court determines that any objections lack merit, it may rule without awaiting the response.

Date: February 17, 2026.                s/Curtis Ivy, Jr.
                                          Curtis Ivy, Jr.
                                          United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on the February 17, 2026, by electronic means and/or ordinary mail.

                                          s/Sara Krause
                                          Case Manager
                                          (810) 341-7850

11